******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************************

ANGELO TEDESCO, TRUSTEE
*v.* RESMIJE AGOLLI ET AL.
(AC 40123)

Lavine, Keller and Bear, Js.

*Syllabus*

The substitute plaintiff, T, sought to foreclose a mortgage on certain real property owned by the defendants F Co. and A, who was a member of F Co. A and F Co. filed an answer and special defenses, and later stipulated that T was the owner and holder of the note and mortgage, and that the note was in default. The trial court, following a trial to the court, concluded that F Co. and A had not met their burden of proof on their special defenses and rendered judgment in favor of T as to liability. The court subsequently rendered judgment of foreclosure by sale in favor of T, and F Co. and A appealed to this court. They claimed, inter alia, that the trial court improperly found that A had the authority to bind F Co. to the mortgage at issue. *Held* that the trial court properly rendered judgment of foreclosure by sale in favor of T, and that court having thoroughly addressed the arguments raised in this appeal in its memorandum of decision rendering judgment in favor of T as to liability, this court adopted the trial court's well reasoned memorandum of decision as a proper statement of the relevant facts, issues and applicable law.

Argued March 14—officially released May 29, 2018

*Procedural History*

Action to foreclose a mortgage on certain real property owned by the named defendant et al., brought to the Superior Court in the judicial district of Waterbury, where Scott Tedesco, trustee of the Angelo P. Tedesco Money Purchase Pension Plan was cited in as a plaintiff; thereafter, Scott Tedesco, trustee of the Heritage Builders of Waterbury, LLC, 401 (k) Profit Sharing Plan was substituted as the plaintiff; subsequently, the matter was tried to the court, *Dooley, J.*; judgment for the substitute plaintiff as to liability; thereafter, the court, *Lager, J.*, granted the motion for a judgment of foreclosure filed by the substitute plaintiff and rendered judgment of foreclosure by sale, from which the named defendant et al. appealed to this court. *Affirmed.*

*Justin J. Garcia*, for the appellants (named defendant et al.).

*Jeremy S. Donnelly*, for the appellee (substitute plaintiff Scott Tedesco, trustee of the Heritage Builders of Waterbury, LLC, 401 (k) Profit Sharing Plan).

*Opinion*

PER CURIAM. The defendants, Resmije Agolli and Fikri Development, LLC (Fikri),[1] appeal from the judgment of foreclosure by sale rendered in favor of the substitute plaintiff, Scott Tedesco, trustee of the Heritage Builders of Waterbury, LLC, 401 (k) Profit Sharing Plan.[2] On appeal, the defendants challenge the trial court's findings with respect to the dates of disassociation and removal of Gina Antonios as member and Joseph Antonios as manager of Fikri.[3] The defendants also claim that the court improperly found that Agolli, as a member of Fikri, had the authority to bind Fikri to the mortgage at issue in the present case.

Angelo Tedesco, as trustee of the Angelo P. Tedesco Money Purchase Pension Plan, served a complaint seeking foreclosure of a mortgage on several parcels of real property in favor of the Angelo P. Tedesco Money Purchase Pension Plan. He alleged that he was the holder of the note and mortgage. The defendants filed an answer in which they denied all of the plaintiff's substantial allegations against them, and they asserted five special defenses. The defendants later stipulated that the plaintiff was the owner and holder of the note, and that the note was in default. The defendants also limited their special defenses to lack of consideration, duress, and no meeting of the minds.

Following a trial to the court, the court found that the defendants had not met their burden of proof on the remaining special defenses and it rendered judgment in favor of the plaintiff as to liability. The court subsequently rendered judgment of foreclosure by sale in favor of the plaintiff.

After examining the record and the briefs and considering the arguments of the parties, we are persuaded that the court correctly rendered judgment of foreclosure by sale in favor of the plaintiff. The issues raised by the defendants were resolved properly in the trial court's thorough and well reasoned memorandum of decision rendering judgment in favor of the plaintiff as to liability. We therefore adopt that memorandum of decision as the proper statement of the relevant facts, issues and applicable law. See *Tedesco* v. *Agolli*, Superior Court, judicial district of Waterbury, Complex Litigation Docket, Docket No. CV-12-6016130-S (June 21, 2016) (reprinted at 182 Conn. App. 294). It would serve no useful purpose for us to repeat the discussion contained therein. See *Seminole Realty, LLC* v. *Sekretaev*, 162 Conn. App. 167, 169, 131 A.3d 753 (2015), cert. denied, 320 Conn. 922, 132 A.3d 1095 (2016).

The judgment is affirmed and the case is remanded for the purpose of setting a new sale date.

[1] The complaint also named GMA Real Estate Portfolio, LLC, as a defendant. Its involvement in the case is not relevant to this appeal and, thus, the term defendants refers to Agolli and Fikri.

[2] Following the death of Angelo Tedesco, the named plaintiff who com-

menced this action, Scott Tedesco, trustee of the Angelo P. Tedesco Money Purchase Pension Plan, was substituted as the plaintiff. The note and mortgage were later transferred to the Heritage Builders of Waterbury, LLC, 401 (k) Profit Sharing Plan. On February 17, 2015, Scott Tedesco, trustee of the Heritage Builders of Waterbury, LLC, 401 (k) Profit Sharing Plan was substituted as the plaintiff. For the purpose of this appeal, the term plaintiff refers to Scott Tedesco in his capacity as trustee of the Heritage Builders of Waterbury, LLC, 401 (k) Profit Sharing Plan.

[3] Fikri was formed in 2007 for the purpose of developing certain parcels of real property in Waterbury, and was formerly owned by Agolli and her late husband, Fikri Agolli.